# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DALLAS C. SALING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1596-JAR |
| | ) | |
| ST. FRANCOIS COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Dallas C. Saling (registration no. N/A) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the

average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $127.83, and an average monthly balance of $165.42. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $33.08, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63

(E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at the St. Francois County Jail, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983.  Named as defendants in the complaint, as liberally construed, are the St. Francois County Sheriff's Department, and jail employees John Doe ("the current physician"), Rodney Harris, Hardy White, Dennis Smith, Scott Moller, and Unknown Millstadt.

In paragraph one of the complaint, plaintiff alleges that he has been "personally singled out and retaliated against."  He claims that his personal doctor, Dr. Calmet, prescribed him "proper & life-sustaining medication" that he is not receiving.  Plaintiff states, "This order was specifically denied & refused by the current physician on call at this facility."  Plaintiff does not name the physician, and the Court will liberally construe the allegations as being asserted against defendant John Doe, as well as defendant St. Francois County Sheriff's Department.

In the remaining paragraphs of the complaint, plaintiff asserts various claims against defendants Rodney Harris, Hardy White, Dennis Smith, Scott Moller, and Unknown Millstadt.  Plaintiff claims that defendant Harris cancelled medication "on

his own accord without previous doctor's approval"; he is not being properly treated for scabies; defendant Smith has not paid plaintiff's hospital bill; defendant White has not properly responded to plaintiff's inquiry about "the problems occurring with officials and with other inmates"; defendant White has placed plaintiff in cells with "a very large Black man" and "two murderers and [a child molester], who assaulted plaintiff; and defendants Millstadt and Moller have failed to do anything about the bugs and asbestos in plaintiff's cell, and they have destroyed plaintiff's personal property.

### Discussion

### I.   *Permissive Joinder*

At issue is whether the seven named defendants are properly joined in the instant lawsuit.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases).  The Court holds that they are not.

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

The allegations in paragraph one of the complaint do not pertain to the same defendants or arise out of the same series of transactions and occurrences as those in the remaining paragraphs of the complaint. As a result, defendants are not properly joined under Rule 20(a)(2).

Because plaintiff's allegations first address claims against defendants St. Francois County Sheriff's Department and John Doe, and because all defendants are not properly joined under Rule 20(a)(2), the Court will dismiss this action without prejudice as to defendants Rodney Harris, Hardy White, Dennis Smith, Scott Moller, and Unknown Millstadt. If plaintiff wishes to bring claims against these individuals, he must file separate complaints against them, in compliance with the Federal Rules of Civil Procedure.

## II.    *Title 28 U.S.C. § 1915(e)(2)(B)*

Having carefully reviewed plaintiff's claims relative to the failure of defendants St. Francois County Sheriff's Department and John Doe to give plaintiff medication prescribed by his personal physician, as set forth in paragraph one of the complaint, the Court concludes that this action should be dismissed as legally frivolous. Sheriff's departments, such as the St. Francois County Sheriff's Department, are not suable

entities under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983).

Moreover, to state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995).  To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that the defendants actually knew of but disregarded those needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006).  To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  Similarly, legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly

responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(theory of supervisory liability is inapplicable in § 1983 suits).  In the instant case, plaintiff has failed to assert any non-conclusory claims against defendant John Doe, and the allegations that have been asserted against this defendant simply do not rise to the level of deliberate indifference.

Furthermore, the Court notes that plaintiff is bringing this action against defendant John Doe in his official capacity.  *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the violations of plaintiff's constitutional rights.  As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendant John Doe.

For these reasons, the complaint will dismissed against defendants St. Francois County Sheriff's Department and John Doe, pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $33.08 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Dallas C. Saling v. St. Francois County Sheriff's Department, John Doe ("the current physician"), Rodney Harris, Hardy White, Dennis Smith, Scott Moller, and Unknown Millstadt*.

**IT IS FURTHER ORDERED** that, as to defendants St. Francois County Sheriff's Department and John Doe, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that defendants Rodney Harris, Hardy White, Dennis Smith, Scott Moller, and Unknown Millstadt are **DISMISSED**, without

prejudice, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of October, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE